UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAJWINDER KAUR,<br>Appellant, | )<br>)<br>) |
| vs. | )     1:14-cv-00943-LJM-DKL |
| MICHAEL J. HEBENSTREIT, Trustee,<br>Appellee. | )<br>)<br>) |

## ORDER

This appeal from the Bankruptcy Court is from a finding of fact made by the Bankruptcy Judge with which Appellant Rajwinder Kaur ("Appellant Kaur") disagrees. Kaur's husband Habhupinder Bains ("Bains") was involved in an automobile accident in which a passenger was grievously injured. The passenger incurred more than $400,000.00 in medical expenses. Kaur and her husband Bains filed for bankruptcy protection just prior to the commencement of trial on the complaint filed against Bains by the injured passenger. Kaur disputes the Bankruptcy Court's finding that her husband transferred to her a 51% percent interest in a Cloverdale, Indiana, truck stop and fast food restaurant after the accident. She maintains that the transfer was made prior to the accident. The essence of this appeal is Kaur's insistence that the Bankruptcy Judge's finding to the contrary is factually incorrect.

### I. STANDARD

In reviewing a decision of the Bankruptcy Court, this District Court acts an as appellate tribunal and is governed by traditional standards of appellate review. Specifically, the Court "is constrained to accept the [B]ankruptcy [C]ourt's findings of facts

unless they are clearly erroneous." *In Re Excalibur Auto Corp.*, 859 F.2d 454, 457, n.3 (7th Cir. 1988). *See also First Weber Group, Inc. v. Horsfall*, 738 F.3d 767, 776 (7th Cir. 2013). "A finding is clearly erroneous if upon review of the entire record the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Graham v. Lennington*, 74 B.R. 693, 695 (S.D. Ind. 1987). "Generally, as long as the bankruptcy judge's inferences are reasonable and supported by the evidence, they will not be disturbed." *Id.* The Court "must be especially deferential toward a [bankruptcy] court's assessment of witness credibility." *First Weber Group*, 738 F.3d at 776 (citation omitted).

Conclusions of law made by the Bankruptcy Court, however, must be reviewed *de novo*. *See First Weber Group*, 738 F.3d at 776; *Excalibur Auto Corp.*, 859 F.2d at 457, n.3; *In Re Bonnett*, 895 F.2d 1155, 1157 (7th Cir. 1989). The Court applies the same *de novo* standard to mixed questions of law and fact. *Graham*, 74 B.R. at 965. With these general standards at hand, the issues raised can be addressed.

## II. DISCUSSION

The Bankruptcy Judge was presented with two Stock Transfer Agreements at trial. Kaur and Bain offered a document entitled "Unrecorded Stock Transfer Agreement," which they testified was prepared and notarized March 8, 2008, well before the accident that precipitated the law suit. A second Stock Transfer Agreement was presented to the Court which was recorded and executed on December 15, 2008. Unfortunately Appellant Kaur's only request of this Court is that the evidence be re-weighed and that her version of the facts be accepted.

The Bankruptcy Court's reasons for discounting the March 8, 2008, alleged transfer and for crediting the December 15, 2008, transfer as the genuine article are well set out in his opinion. Appellee, the Trustee, points to the salient basis of the Bankruptcy Judge's opinion which are included herein as follows:

> It bears emphasizing that the Court did not find Bains or Kaur to be particularly credible. Both during trial and in reading the trial transcript, the Court was struck with how they came to locate CTP [the truckstop/fastfood restaurant] as an investment, how the purchase and formation of Ashutosh transpired, and how the purchase was funded. Plus, their respective testimony as to some of these points differ, sometimes substantially, from one another. Certainly, their recollections of the CTP Transfer are vague at best, and their significant memory lapses strike the Court as a rather convenient way to deflect the Trustee's allegations.
>
> The Court was also particularly struck by Kaur and Bains' attempts to portray themselves as inexperienced, somewhat bumbling, business people. For two people who have seemingly amazed—at least at times—significant wealth, who have operated and owned numerous businesses, and who had access to the assistance of counsel at all times relevant to the Trustee's claims, the Court finds their attempts to portray themselves in such a manner as disingenuous.

Bankr. DKt. No. 122, at 14 n.7.

The Bankruptcy Judge clearly made factual determinations that he used to support his decision that the transfer to the Kaur occurred after the accident. He made this decision after considering the credibility of the witnesses. Thus, this Court must review with the appropriate deference. After review of the record and the Bankruptcy Court's factual determinations, this Court cannot conclude that a mistake has been made.

### III. **CONCLUSION**

This Court concludes that the factual determinations of the Bankruptcy Court are well supported by the record. The Bankruptcy Judge supports his reasoning well in the

above quoted portion of his opinion. For these reasons the opinion of the Bankruptcy Court is **AFFIRMED**.

IT IS SO ORDERED.

DATE: 03/17/2015

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

NOTE: This Order requires paper distribution.

Distribution:

RAJWINDER KAUR
3655 Pickwick Circle
Plainfield, IN  46168

Jonathan David Sundheimer
BARNES & THORNBURG LLP
jsundheimer@btlaw.com

Bruce D. Brattain
BRATTAIN & MINNIX
bbrattain@brattainminnix.com

John S. Capper, IV
CAPPER TULLEY & REIMONDO
bmitchellctr@sbcglobal.net

Christopher M. Trapp
RUBIN & LEVIN PC
342 Massachusetts Avenue
Suite 500
Indianapolis, IN 46204

John M. Rogers
RUBIN & LEVIN PC
johnr@rubin-levin.net

Elliott D. Levin
RUBIN & LEVIN, PC
edl@rubin-levin.net

Joseph L. Mulvey
RUBIN & LEVIN, PC
jmulvey@rubin-levin.net

Sarah L. Fowler
RUBIN & LEVIN, PC
sfowler@rubin-levin.net